[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's 1983 Lincoln was legally parked when it was struck by the defendant's vehicle. At the time of the accident, July 1, 1988, the Lincoln was in excellent condition with no visible body damage. The owner had it waxed four times a year.
The defendant was prepared to pay for repairs and repainting, CT Page 10835 but a dispute arose between the parties because the defendant's plan was to use used or economy parts and paint only the side of the vehicle damaged. The plaintiff objected, claiming that his vehicle would be reduced in value and its appearance diminished. His expert stated the paint could not be reasonably matched and the proper method of repair called for a complete paint job.
The bulk of the difference between the two estimates is accounted for by the painting, with the plaintiff's estimate calling for over 43 hours to perform a complete paint job and the defendant's "bargain" price calling for 35 hours, total.
The court agrees with the plaintiff in that his vehicle, purchased new for $27,000, should not have a "two tone" look through no fault on his part. On the other hand, the court is obliged to agree with the defendant's expert that the plaintiff's vehicle is receiving a "betterment" in the process.
Discounting this "betterment", the court finds that a fair and equitable figure for the plaintiff to recover of the defendant is $4,407.59. This figure is fair in view of the testimony of the plaintiff's expert that his estimate was two-thirds more because of the painting.
Judgment may enter for the plaintiff in the amount of $4,407.59, plus costs.
ANTHONY V. DeMAYO, JUDGE